IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR175 |
| | § | Judge Mazzant |
| CHRISTOPHER SCHRAEDER | § | |

## PRELIMINARY ORDER OF FORFEITURE

Defendant entered a guilty plea to the Information filed on July 18, 2019. Pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, the government requests that Defendant's right, title, and interest to the following property be forfeited to the United States:

   a. $3,987.00 in gambling proceeds previously seized;

   b. $8,643.00 in gambling proceeds previously seized; and

   c. $68,423.00.00 in gambling proceeds previously seized.

By virtue of the plea and admission, the United States is now entitled to possession of the above-referenced property pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.

Accordingly, the Court orders that:

1. Based upon Defendant's change of plea hearing and the findings entered by the Court, the United States is hereby authorized to seize the aforementioned property. The property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    2.      The forfeited property is to be held by the custodial agency and its agents and vendors in their custody and control.

    3.      Pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(vi)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish for at least thirty (30) consecutive days at www.forfeiture.gov notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant,[1] having or claiming a legal interest in the above-described forfeited property must file a petition with the court no later than sixty (60) days after the first day of publication on an official Internet government forfeiture site, or within thirty (30) days of receipt of direct notice, whichever is earlier.

        a.      The notice shall: (1) state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; (2) be signed by the petitioner under penalty of perjury, and (3) set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

---

[1] 21 U.S.C. § 853(n)(2) provides that:
    Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

    b.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

  **SIGNED this 16th day of August, 2019.**

                _____
                KIMBERLY C. PRIEST JOHNSON
                UNITED STATES MAGISTRATE JUDGE